IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-CR-40010-<u>09</u>-MJR |
| | ) | |
| | ) | |
| TIMMY FLY, | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO WITHDRAW
## AND DENYING MOTION TO REDUCE SENTENCE

**REAGAN, Chief Judge:**

Timmy Fly was convicted of conspiring to distribute narcotics and, ultimately, sentenced to 158 months in prison. In late July 2015, Fly filed a pro se motion to reduce his term of imprisonment, based on Amendment 782 to the United States Sentencing Guidelines. Pursuant to Administrative Order 167 of this District, Assistant Federal Public Defender Daniel Cronin was appointed to assist Defendant Fly in obtaining any sentence reduction to which Fly might be entitled under Amendment 782.

On April 10, 2017, after securing an extension of time, Mr. Cronin moved to withdraw as Fly's attorney (Doc. 746), having concluded there is no meritorious basis for the requested relief. Mr. Cronin explains that relief under 18 U.S.C. 3582(c) is not available, since the base offense level for Fly's conduct -- Level 38, due to the quantity of narcotics exceeding 50 kilograms of methamphetamine -- remained unaltered by Amendment 782 (as does the total offense level and resulting sentencing range).

A copy of that motion was provided to Defendant Fly. So was the Court's Order of April 14, 2017, directing Fly (no later than May 15, 2017) to file a response showing cause why the undersigned ought not let Cronin withdraw from representation and deny Fly's pro se motion to reduce sentence. The May 15th deadline passed without any response filed by Fly or any motion to extend his response deadline. On May 30, 2017, the United States timely filed its response (Doc. 749). The United States concurs with Mr. Cronin's assessment that Fly is not eligible for sentence reduction (*id.*, p. 3).

Amendment 782 to the Sentencing Guidelines "lowered by two levels the offense levels specified in the Drug Quantity Table, see U.S.S.G. Supp. App., C amend. 782 (2014), and … U.S.S.G. § 2D1.1(c)(5) (2014)." **United States v. Nichols, 789 F.3d 795, 796 (7th Cir. 2015).** Amendment 782 reduced the offense levels in § 2D1.1(c), resulting in a lower guideline sentencing range for many—*but not all* – federal drug-trafficking offenders. But to obtain relief under § 3582 due to a retroactively-applicable amendment to the Sentencing Guidelines, the defendant's sentencing range has to have been *lowered* by the amendment. **18 U.S.C. 3582(c)(2).**

To recap, § 3582(c)(2) authorizes a district judge to modify a term of imprisonment he imposed, if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission …, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's Policy Statement at U.S.S.G. 1B1.10(a)(2) states that a reduction in a defendant's term of imprisonment "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C.

3582(c)(2)" if the amendment "does not have the effect of lowering the defendant's applicable guideline range." Mr. Cronin maintains that because Fly's sentencing range was not lowered by Amendment 782, no sentence reduction is allowed under § 3582(c)(2). Probation Officer Stacey Grinnell reached the same conclusion (*see* Doc. 746, p.1), as did counsel for the United States (Doc. 749). The undersigned agrees.

Because Fly's sentencing range was not changed by Amendment 782, relief is not available under § 3582(c)(2), and the undersigned must deny the motion for sentence reduction on the merits. ***United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015) ("The 'sentencing range' that must have been changed to permit relief under § 3582(c)(2) is not the base offense level or any other intermediate step in the guideline calculation, but the bottom-line, final range that was the basis for the sentence. Relief is not available if a retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range.'").**

The Court hereby **GRANTS** Mr. Cronin's motion to withdraw (Doc. 746) and **DENIES** Defendant Fly's pro se motion to reduce sentence (Doc. 652).

IT IS SO ORDERED.

DATED June 5, 2017.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge